# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| NILA J. ALLDREDGE | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-08-CA-482-AWA |
| | § | |
| MICHAEL J. ASTRUE | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on August 21, 2008 (Clerk's Doc. No. 3); Plaintiff's Brief in Opposition to the Commissioner's Decision, filed on February 25, 2009 (Clerk's Doc. No. 19); and Defendant's Brief in Support of the Commissioner's Decision, filed on March 30, 2009 (Clerk's Doc. No. 20). Also before the Court is the Social Security Record filed in this case (Cited as "Tr."). Both parties have consented to have the undersigned adjudicate the claims.

Plaintiff appeals from the Administrative Law Judge's determination that she is not "disabled" and presents for review three issues: (1) whether the Administrative Law Judge ("ALJ") erred by failing to find that Plaintiff's Chronic Obstructive Pulmonary Disease was a severe impairment; (2) whether the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician; and (3) whether the ALJ's credibility finding is supported by substantial evidence.

## I. GENERAL BACKGROUND

On April 18, 2005, Nila Alldredge (hereinafter referred to as "Plaintiff" or "Alldredge") filed an application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act (Tr. 76). Alldredge alleged disability beginning May 21, 2004.[1] Her claim was

---

[1] May 21, 2004 represents Plaintiff's amended onset date (Tr. 374). Plaintiff's original onset date was December 6, 2001 (Tr. 76, 137).

initially denied by Notice dated August 15, 2005 (Tr. 43), and again by Notice of Reconsideration dated December 22, 2005 (Tr. 36). Alldredge timely filed a request for a hearing by an ALJ on January 14, 2006 (Tr. 34). ALJ James Wendland conducted a hearing by teleconference on August 29, 2006 (Tr. 356). The ALJ subsequently issued a "Notice of Decision - Unfavorable" on November 24, 2006, finding that Alldredge was not disabled within the meaning of the Act (Tr. 12–21). The Appeals Council declined Plaintiff's Request for Review by Notice dated September 14, 2007, making it the Final Decision of the Commissioner (Tr. 4–6). On June 25, 2008, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff benefits under the Act.

## II. THE HEARING BEFORE THE ALJ

On August 29, 2006, Administrative Law Judge James Wendland held a hearing by teleconference on Plaintiff's application for benefits. Alldredge testified at the hearing and was represented by her attorney, Trey Hall (Tr. 356). (In this appeal, she is represented by Cheryl Langston.) Michael Driscoll, a vocational expert, also appeared and testified at the hearing (Tr. 371–374).

### A. Plaintiff's Testimony

Alldredge testified that she had a heart attack on December 6, 2001, which caused her to stop working (Tr. 359). She stated that she suffers from chest pain, back pain, pain in her legs and arms, numbness in her legs, exhaustion, and shortness of breath (Tr. 363–64, 366). Alldredge lives with her mother and her son, who is 24 years old (Tr. 362). Her mother pays the bills, and she also takes care of the cleaning, shopping, and laundry (Tr. 367–368). Her mother does most of the cooking as well, though she sometimes gets help from Alldredge (Tr. 362). Alldredge testified that she has

2

trouble riding in cars, taking a bath, getting dressed, and sleeping (Tr. 366-67). Alldredge also stated that her mother has to help her dress and take a bath (Tr. 367).

**B.     Vocational Expert's Testimony**

The vocational expert was first asked to describe Alldredge's past work. He stated that all of her past work—as a home health aide, as a cashier at a convenience store, and her sewing work—was medium, semi-skilled work (Tr. 372). The vocational expert was then asked whether other jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that, given all of these factors, such an individual would be able to perform the requirements of occupations such as telephone quotation clerk, food and beverage order clerk, and document preparer for microfilming (Tr. 373). The vocational expert testified that these jobs are sedentary, unskilled occupations. He further testified that there are 160,000 jobs as a telephone quotation clerk within the national economy; 182,000 jobs as a food and beverage order clerk within the national economy; and 106,000 jobs as a document preparer for microfilming within in the national economy (Tr. 373).

### III. FINDINGS OF THE ALJ

The ALJ found that Alldredge has the following severe impairments: diabetes, Hepatitis C, arthritis, heart problems, and back problems (Tr. 16). The ALJ then found that Alldredge does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 16). After careful consideration of the entire record, the ALJ found that Alldredge has the residual functional capacity to perform sedentary work where the employee is not required to: (1) stoop, balance, crouch, crawl, kneel, or climb stairs and ramps more than occasionally; (2) climb scaffolds, ladders, and ropes; (3) sit without

3

the opportunity to occasionally stand in addition to a lunch and the normal legal breaks during the work day; (4) push or pull with the feet; (5) work at unguarded heights or near unguarded hazardous mechanical equipment; or (6) be exposed to excessive dust, fumes, or gases more than incidentally on a rare basis or to be exposed to extreme temperatures and high humidity (Tr. 17). After considering Alldredge's age, education, work experience, and residual functional capacity, the ALJ found that she was capable of performing other jobs that exist in significant numbers in the national economy (Tr. 20). Accordingly, the ALJ found that Alldredge was not disabled as defined in the Act (Tr. 21).

## IV. ISSUES BEFORE THE COURT

Alldredge contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Alldredge argues that: (1) the ALJ erred by failing to find that Plaintiff's Chronic Obstructive Pulmonary Disease was a severe impairment; (2) the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician; and (3) the ALJ's credibility finding is not supported by substantial evidence.

## V. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162,

164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

## VI. ANALYSIS

The Court will analyze each of Plaintiff's issues in turn. For the reasons that follow, the undersigned reverses the final decision of the Commissioner.

### A. Did the ALJ err by failing to find that Plaintiff's Chronic Obstructive Pulmonary Disease was a severe impairment?

Alldredge first argues that the ALJ erred in failing to find that her Chronic Obstructive Pulmonary Disease ("COPD") was a severe impairment. Alldredge asserts that the evidence clearly indicates that she suffered from COPD, but the ALJ does not discuss the condition in his decision or make a finding regarding the severity of the condition. Defendant believes that the ALJ did not err in not finding Alldredge's COPD to be a severe impairment because, although he did not specifically mention COPD as a severe impairment, he considered Alldredge's breathing problems and properly accounted for it in the RFC assessment through specific environmental limitations. The Court agrees. The Court believes that Alldredge's COPD, though not specifically mentioned, was already accounted

5

for by the ALJ in his RFC determination, and any error in not listing COPD as a severe impairment would be harmless.

In regard to step two of the ALJ's consideration, it is well-settled law that an impairment is considered non-severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The regulations require that an ALJ's residual functional capacity ("RFC") finding must consider the limiting effects of all of a claimant's impairments, even those that are not severe. 20 C.F.R. §§ 404.1545(e) and 416.945(e).

A review of the record shows that Alldredge was indeed diagnosed with COPD by a treating physician (Tr. at 258, 259, 260, 262, 268). Thus, it is certainly arguable that COPD should have been included as a severe impairment. In fact, in the RFC assessment completed by the state agency medical consultants, it was recommended that Alldredge avoid humidity, fumes, odors, dust, and gases due to her breathing problems, which suggests that these problems would have more than a minimal effect on Alldredge's ability to work (Tr. 301). However, just because the ALJ failed to include COPD as a severe impairment does not require remand in this case. This is because the ALJ included the limitations resulting from COPD in his RFC finding. Specifically, like the state agency examiners, the ALJ's findings assumed that Alldredge would be limited to work that does not require exposure to excessive dust, fumes, or gases more than incidentally on a rare basis or exposure to extreme temperatures and high humidity (Tr. 17). Therefore, contrary to Alldredge's assertion, the ALJ did not fail to include the limitations resulting from her COPD in his RFC finding. Remanding the case based on the ALJ's failure to explicitly include COPD as a severe impairment would not

result in a different RFC, it would merely waste judicial resources. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected . . . . The major policy underlying the harmless error rule is to preserve judgments and to avoid waste of time.").

### B. Did the ALJ fail to properly evaluate the opinion of Plaintiff's treating physician?

Alldredge next argues that the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Kenneth Winton. In February 2006, Dr. Winton completed a Physical Residual Functional Capacity Questionnaire, opining that Alldredge has certain limitations due to her impairments. Specific limitations noted by Dr. Winton include the ability to sit no more than fifteen minutes at a time, to stand no more than ten minutes at a time, to stand or walk no more than two hours in an eight hour day, the need for thirty minute breaks throughout the day, the inability to lift or carry, and the ability to look down, turn her head right or left, look up or hold her head in a static position no more than "rarely" (Tr. 295). Dr. Winton also opined that Alldredge can never twist, stoop, crouch, squat, climb ladders or stairs, and that she can perform reaching and fine or gross manipulations with her hands only five percent of the work day (Tr. 296). Finally, Dr. Winton opined that Alldredge would likely miss more than four days of work per month due to her impairments (Tr. 296).

The Fifth Circuit has held that ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.

1985) (citing *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir. 1984); *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981). The ALJ may nevertheless find good cause to give the opinion little weight. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). However, the Fifth Circuit has stated that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

Alldredge argues that the ALJ did not purport to rely on the opinion of any other examining physician, yet he found Dr. Winton's opinion was entitled to "little" weight without evaluating the opinion according to the factors found in sections 404.1527(d) and 416.927(d) of the regulations. Defendant argues that the ALJ did not have to include a detailed discussion of the 20 C.F.R. §§ 404.1527(d) and 416.927(d) factors because (1) the ALJ relied on the controverting opinion of Dr. Hays, an examining physician, and (2) Dr. Winton's opinion was conclusory.

Regarding Defendant's first argument, Defendant points out that Dr. Hays opined that Alldredge had no significant complications and was "quite functional" from a diabetes standpoint, that Alldredge's Hepatitis C appeared to be asymptomatic, and that her hypertension was under good control on medication (Tr. 213). Defendant also asserts that Dr. Hays acknowledged Alldredge's complaints of arthritis and back pain, but noted that she did not take medication for arthritis and that she stated she could lift fairly well (Tr. 212).[2] Defendant therefore believes that Dr. Hays' opinion

---

[2]The Court notes that Defendant left out the remainder of this sentence in the report, which reads "moderate or small objects." In other words, Alldredge did not report that she could "lift fairly well" generally, but rather that she could lift moderate or small objects fairly well.

controverted that of Dr. Winton, such that the ALJ was not required to perform a detailed *Newton* analysis.

The Court disagrees. First, the Court notes that Defendant left out portions of Dr. Hays statements regarding Plaintiff's back pain that actually appear to support Dr. Winton's opinion. For instance, Dr. Hays also wrote, "She states that after walking a block her back hurts and it hurts to bend over." (Tr. 212). And under the "Impression" section of his report, Dr. Hays stated, "Chronic low back pain syndrome with perhaps related arthritis in other joints which is relatively minimal compared to her back, *which is somewhat significant*." Tr. 213 (emphasis added). As for Dr. Hays' opinions on Alldredge's diabetes, Hepatitis C, and hypertension, the Court is unsure how this is relevant to Dr. Winton's opinions on her back problems. The Physical Residual Functional Capacity Questionnaire completed by Dr. Winton only dealt with diagnoses of chronic back pain and multiple level degenerative disc disease (Tr. 293). Nowhere in this questionnaire did Dr. Winton give any opinion on Alldredge's diabetes, Hepatitis C, or hypertension, so it is unclear how Dr. Hays' opinions on these impairments could possibly controvert the opinion of Dr. Winton such that a *Newton* analysis was not necessary. Nor did Dr. Hays give limitations on Alldredge's ability to perform work-related activities that controverted the limitations given by Dr. Winton. Thus, the Court does not believe the ALJ could escape his duty to perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2) based solely on the presence of Dr. Hays' opinions in the record.

Defendant also argues that the ALJ gave limited weight to Dr. Winton's opinion because his RFC assessment was conclusory. Citing *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003), Defendant points out that a statement by a treating doctor that a claimant is "disabled" or "unable to

work" is a legal conclusion that is reserved to the Commissioner. On this point, Defendant is correct; a doctor's opinion that a claimant is unable to work is not a medical opinion within the meaning of the regulation, and an ALJ must consider the six factors in subsection (d) only with respect to the medical opinions of treating physicians. *Frank*, 326 F.3d at 620. Thus, the ALJ properly afforded no special significance or weight to Dr. Winton's conclusory statement regarding Alldredge's ability to work, as this is a decision reserved to the Commissioner. However, this does mean that Dr. Winton's other opinions were not entitled to considerable weight in determining disability, or that a *Newton* analysis was not required before these opinions were given less weight.

As mentioned above, Dr. Winton opined that Alldredge had several limitations on her ability to work, including the ability to sit no more than fifteen minutes at a time, to stand no more than ten minutes at a time, and to stand or walk no more than two hours in an eight hour day (Tr. 295). Dr. Winton included with these limitations his diagnoses, Alldredge's symptoms, descriptions of the pain (including nature, frequency, severity, location, and precipitating factors), and the treatments used on Alldredge (Tr. 293). Moreover, there is evidence in the record that supports Dr. Winton's diagnoses and limitations (*See*, *e.g.*, Tr. 215, 266, 270). Thus, the Court does not believe that Dr. Winton's opinions were entirely conclusory such that the ALJ was relieved of his duty to perform a detailed analysis of Dr. Winton's opinions under the criteria set forth in 20 C.F.R. 404.1527(d)(2) before giving his opinion limited weight. Accordingly, the Court will remand this case back to the ALJ to perform a detailed analysis of Dr. Winton's opinions under the criteria set forth in 20 C.F.R. 404.1527(d)(2).[3]

---

[3]Given this finding, the Court need not take up Plaintiff's other issue at this time.

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). *See also*, *Istre v. Apfel*, 208 F.3d 517, 520–521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore, the Court will reverse the Commissioner's decision and enter judgment in this case on behalf of the Plaintiff.

## VII.  CONCLUSION

In light of the foregoing, the undersigned Magistrate Judge **REVERSES** the final decision of the Commissioner, **REMANDS** this case back to the Commissioner for further action consistent with this opinion, and **ENTERS JUDGMENT** in favor of the Plaintiff. Upon remand, the Commissioner shall perform a detailed analysis of Dr. Winton's views under the criteria set forth in 20 C.F.R. 404.1527(d)(2), and, in light of that analysis, reconsider his decision regarding whether Mr. Alldredge is disabled.

SIGNED this 6th day of July, 2009.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE